# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**MONICA NOVAK,**

    **PLAINTIFF,**

**VS.**                                       **CV NO.:**

**WHOLE FOODS MARKET GROUP, INC.,**

    **DEFENDANT.**                      **JURY TRIAL DEMANDED**

## COMPLAINT

### JURISDICTION

1. This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, 29 U.S.C. § 2617(a)(2), and 42 U.S.C. § 12101 et seq. This is a suit authorized and instituted pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendant's violation of the Acts and for injunctive relief and damages.

2. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

### PARTIES

3. Plaintiff, Monica Novak, (hereinafter "Plaintiff") is a resident of Pelham, Shelby County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

4. Defendant Whole Foods Market ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 621(a)(2), and 29 U.S.C. § 201, *et seq.* Defendant employed at least twenty (20) persons during the current or preceding calendar year. Therefore, this Court has personal jurisdiction over Defendant.

**STATEMENT OF FACTS**

5. Plaintiff hereby realleges and incorporates by reference each of the preceding allegations.

6. Plaintiff suffers from the physical and/or sensory impairment of an excessive immune system stimulation disorder.

7. Plaintiff's disability affects her such that the major life activities of performing manual tasks, lifting, speaking, concentrating, thinking, communicating,

working, and/or functions of the immune system prevents or significantly restricts Plaintiff as compared to the average person in the general population.

8. Plaintiff seeks medical treatment and avoids substances that trigger her disorder to assist her limited ability to perform manual tasks, lift, speak, concentrate, think, communicate and work, but such devices still make her immune system substantially limited as compared to the average person in the general population.

9. Originally, Defendant hired Plaintiff on or about December 9, 2015, as a prepared foods team member.

10. Plaintiff resigned in May of 2016 to pursue another opportunity.

11. In January of 2017, Defendant again hired Plaintiff.

12. Defendant employed Plaintiff as a bakery team member.

13. The position of bakery team member required Plaintiff to bake, package, work the coffee bar, service customers, clean and work the cash register.

14. Plaintiff was qualified for the position of Bakery Team Member with or without reasonable accommodation of her disability.

15. Soon after starting her position as a bakery team member, Plaintiff's health began to decline.

16. Plaintiff discovered mold in the bakery area where she worked.

17. After discovering the mold, Plaintiff sent a request for accommodation letter from her physician to Bakery Manager, Emmeline Murphy and Bakery Assistant Manager, Tara Johns.

18. The letter from Plaintiff's physician explained that Plaintiff was being exposed to mold on the job.

19. Murphy advised Plaintiff to speak with Payroll Benefits Specialist, Brandi Bryan regarding her request for accommodation.

20. On or about March 28, 2017, Plaintiff showed General Manager, Paul (LNU), Bryan, Murphy and Assistant Store Manager, Tania Dirkson, the areas of the Bakery that were moldy.

21. After seeing the mold, Bryan informed Novak that she would try to get Plaintiff a medical leave until the situation was resolved.

22. On or about March 29, 2017, Plaintiff was informed that she was not eligible for medical leave.

23. Bryan explained that Plaintiff might be eligible for an accommodation leave.

24. On or about March 30, 2017, Bryan sent Plaintiff forms to request an accommodation leave.

25. On that same day, Bryan informed Novak that Plaintiff could begin taking the leave immediately.

26. Plaintiff began her accommodation leave on or about March 30, 2017.

27. Plaintiff was referred to Whole Foods outside administrator to review her requested accommodation.

28. Plaintiff used the forms Bryan provided to request several accommodations.

29. The accommodations requested included: a leave of absence until the mold was remediated, testing and/or remediation of the mold in the work area, limiting exposure to chemicals, and a temporary lifting restriction that resulted from the effects of the mold exposure.

30. Although Plaintiff's doctor indicated that she had a sensitivity to volatile organic compounds, and she should avoid them, the store did not have a practice of using such harsh chemicals.

31. Since Plaintiff was not using volatile organic compounds as part of her work, there was no need for, and Plaintiff was not seeking accommodation for exposure to those solvents.

32. Plaintiff provided all necessary documentation to the outside administrator by April 16, 2017.

33. Although Defendant tested the store for mold and a negative test would have eliminated the need for an accommodation, it never informed Plaintiff of the results of those tests.

34. While Plaintiff was on leave, she sent several emails to Bryan, seeking the results of the testing to see if she could return to work.

35. Those emails went unanswered.

36. Plaintiff did not hear anything from Whole Foods or its administrator about her request for accommodation until May 8, 2017.

37. On May 8, 2017, Defendant informed Plaintiff that her request for leave was denied.

38. After learning Defendant denied her request, Plaintiff sent Bryan an email asking if the mold in the Bakery had been removed so that she could return to work.

39. Instead, on May 15, 2017, Defendant sent Plaintiff a letter letter stating that she had not been accommodated.

40. Defendant failed or refused to engage in the interactive process to determine if Plaintiff could return to work with some accommodation, even if it were a different accommodation than the one she had initially requested.

41. Plaintiff was declined accommodation because of her disability in violation of the Americans with Disabilities Act, as amended.

**COUNT ONE - Americans with Disabilities Act -Failure to Accommodate**

42. Plaintiff hereby realleges and incorporates by reference each of the preceding allegations.

43. Plaintiff is a person with a disability.

44. Plaintiff was qualified for her position as Bakery Team Member.

45. Defendant was aware of Plaintiff's disability.

46. Plaintiff requested an accommodation, time off of work to recover from mold exposure.

47. Plaintiff requested an accommodation, mold testing and or remediation if necessary.

48. A reasonable accommodation existed that would have allowed Plaintiff to perform the essential functions of the job; and

49. Defendant failed to provide a reasonable accommodation.

50. Plaintiff was declined accommodation because of her disability in violation of the Americans with Disabilities Act, as amended.

51. As a result of Defendant's violation of The Americans with Disabilities Act, Plaintiff has been damaged, suffering loss of pay, benefits, mental anguish.

**COUNT THREE - ADA – Retaliation/Termination**

52. Plaintiff realleges and incorporates by reference each of the preceding allegations.

53. Plaintiff suffers from the physical and/or sensory impairments as a result of an excessive immune system stimulation disorder.

54. Plaintiff's disability affects her such that the major life activities of performing manual tasks, lifting, speaking, concentrating, thinking, communicating, working, and/or functions of the immune system prevents or significantly restricts Plaintiff as compared to the average person in the general population.

55. Plaintiff was qualified for the position of Bakery Team Member with or without reasonable accommodation of her disability.

56. Plaintiff sought accommodations for her disabilities.

57. Within weeks of her request for an accommodation, Defendant terminated Plaintiff's employment.

58. Defendant was substantially motivated by Plaintiff's disability and her request for an accommodation in deciding to terminate Plaintiff's employment.

59. As a result of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Americans with Disabilities Act;

B.  Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position she would have had, had he not been terminated;

C.  Award her back pay, together with employment benefits, front pay, liquidated damages; special damages; nominal damages;

D.  Attorneys' fees and costs;

E.  Plaintiff requests that the Court award Plaintiff equitable relief under 28 U.S.C. § 2201 and 29 U.S.C. § 626 that the actions of Defendant violated the law; and,

F.  Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
Kira Fonteneau

_____
Felicia T. Long

**OF COUNSEL:**

THE FONTENEAU FIRM LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 564-9005 F: (205) 554-9006

## PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

PLEASE SERVE DEFENDANT AS FOLLOWS:
Whole Foods Market Group, Inc.
2 North Jackson Street, Suite 650
Montgomery, Alabama 36104

_____
OF COUNSEL